

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN, TEXAS 78711

Superseded by Opinion No. *m-42*

*as to trailers*

CRAWFORD C. MARTIN
ATTORNEY GENERAL

October 15, 1968

Mr. J.C. Dingwall
State Highway Engineer
Texas Highway Department
Austin, Texas

Opinion No. M-292

Re: Applicability of drive-
a-way in-transit license
plates authorized under Art.
6686(b), V.C.S., to new
autos and trucks transported
by dealers; to new trailer
and mobile home transporta-
tion; and related question.

Dear Mr. Dingwall:

You request an official opinion of this office on
the following questions:

"1. May the drive-a-way in-transit license plates
authorized under Article 6686(b), Vernon's
Civil Statutes be issued to automobile and
truck dealers of Texas for the purpose of
transporting new vehicles from the manu-
facturer or any other point of origin to
their places of business or any other points
of destination in Texas?

"2. May these drive-a-way in-transit license plates
be used to transport and deliver new trailers
and mobile homes?

"3. May these drive-a-way in-transit license plates
be issued to persons, firms, or corporations
who are not residents of Texas and have no
business establishments in this State?"

The paragraph presently constituting Section (b) was
added to Article 6686, Vernon's Civil Statutes, in 1939 by
the adoption of H.B. No. 794, Acts of the Forty-sixth Legis-
lature, Chapter 5, page 613. It has remained unchanged since
enactment. Prior to this addition, Article 6686 related only
to dealers and manufacturers and contained no provision author-
izing the transportation and delivery of motor vehicles by

- 1413 -

means of driving or towing over the public highways of this State by one not a dealer or manufacturer without proper and separate registration of each vehicle. Attorney General's Opinion No. V-179 (1947). The purpose for Section (b) is clearly stated in the emergency clause of H.B. No. 794, which reads, in part, as follows:

> "The fact that the present law regulates only automobile dealers bringing new vehicles into the State, and the further fact that there are many motor vehicles brought into the State of Texas over its public highways by drive-a-way operators who are not licensed under the present law, create an emergency and an imperative public necessity. . ."

Section (a) of Article 6686 authorizes the issuance of dealer's and manufacturer's license plates for unregistered motor vehicles, motorcycles, house trailers, trailers, and semitrailers. Said Section (a) provides for road testing of new vehicles by duly licensed manufacturers and provides for the transportation and conveyance of unregistered vehicles by a licensed dealer within this State, including the moving of such vehicles from the state line to the dealer's place of business.

It is the opinion of this office that Section (b) of Article 6686 was intended to regulate only those engaged in business as drive-a-way operators who are not otherwise regulated or licensed to transport or deliver new unregistered vehicles and that Section (a) thereof was intended to regulate and provide for the transportation and conveyance of unregistered vehicles upon the highways of this State by duly licensed manufacturers or dealers. Therefore, we answer your first question in the negative.

In reply to your second question, it is the opinion of this office that Section (b) of Article 6686 was intended to regulate the transportation or delivery of new vehicles under their own power by drive-a-way operators utilizing the full mount method, the saddle mount method, the tow bar method, or any other combination thereof.

The caption of H.B. No. 794 refers to motor vehicles in the following language:

> ". . . providing for the issuance of in-transit
> permits by the State Highway Commission to any per-
> son, firm or corporation engaged in and using the
> drive-a-way system of transporting motor vehicles
> under their own power; . . ." (Emphasis added).

Section (b) refers specifically to the enumerated methods by
which drive-a-way operators may transport or deliver new
vehicles under their own power. It explicitly requires that
the operator's general distinguishing number be carried
and displayed by each motor vehicle, and it further provides
a penalty for the failure or refusal of such an operator to
make proper application to so transport new motor vehicles
under their own power. The emergency clause of H.B. No. 794
particularly speaks of "motor vehicles brought into the
State of Texas. . .by drive-a-way operators. . ." who were
not previously regulated or licensed under the law.

It follows, therefore, that such drive-a-way in-transit
license plates were not intended for use on vehicles incapable
of self-propulsion, such as trailers or mobile homes, and we
must answer your second question in the negative.

Answering your third question, we first observe that
Section (a) of Article 6686 requires that a dealer be custo-
marily engaged in the business of buying, selling, or ex-
changing vehicles at an established and permanent place of
business and that a manufacturer must manufacture or assemble
new vehicles in this State to qualify for a license as pro-
vided thereunder.

Section (b) merely requires that the in-transit op-
erator engage in the business of transporting and delivering
new vehicles by the enumerated methods in this State. There
are no specific requirements that such an operator be a
resident of this State or that he maintain a business estab-
lishment in this State to qualify for a drive-a-way license;
consequently, we answer your third question in the affirma-
tive.

We call your attention to the fact that Article 6686 is
a vehicle registration statute only and this opinion is not
intended to construe or interpret the regulation of traffic
for compensation or hire or any of the other laws of this State.

## SUMMARY

Section (b) of Article 6686, V.C.S. was intended to regulate only those engaged in business as drive-a-way operators and not automobile and truck dealers who are regulated and licensed under Section (a) thereof.

Section (b) of Article 6686, was intended to regulate the transporation of new vehicles under their own power by drive-a-way operators utilizing the enumerated methods. Each vehicle so transported must be capable of self-propulsion, and such drive-a-way in-transit license plates could not be used to transport and deliver new trailers and mobile homes.

There are no specific requirements that an in-transit operator be a resident of this State or maintain a business establishment in this State to qualify for issuance of drive-a-way in-transit license plates as provided in Section (b) of Article 6686.

Very truly yours,

Crawford C. Martin
Attorney General of Texas

Prepared by Monroe Clayton
Assistant Attorney General

APPROVED:

OPINION COMMITTEE
Hawthorne Phillips, Chairman
Kerns Taylor, Co-Chairman
Scott Garrison
Jack Goodman
Richard Chote
Bob Lattimore

STAFF LEGAL ASSISTANT
A.J. Carubbi, Jr.